IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH PHILADELPHIA HEALTH SYSTEM,  <br><br>　　　　　　　　　　Plaintiff,  <br>v.  <br>CHRISTOPHER RAHN and CHRISTINE PASIEKA,  <br><br>　　　　　　　　　　Defendants. | CIVIL ACTION 2:16-cv- |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, North Philadelphia Health System ("NPHS"), through counsel, hereby brings its Complaint for Declaratory Judgment against Christopher Rahn and Christine Pasieka (collectively, the "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is a declaratory judgment action seeking declarations that: (a) the Defendants are in breach of a certain Agreement for Sale for the purchase and sale of real estate, as amended and as set forth hereinafter and (b) as result of such breach a certain Deposit, as set forth

complaintfordeclaratoryjudgment071916nphs.filing2

hereinafter and in held in trust by an escrow agent, should be immediately paid over to NPHS as liquidated damages pursuant to the Agreement for Sale.

## THE PARTIES

2.  Plaintiff, NPHS, is a Pennsylvania nonprofit corporation holding 501(c)(3) status with its registered address at 801 W. Girard Avenue, Philadelphia, Pennsylvania 19122.

3.  On information and belief, Defendant Christopher Rahn is a natural person with a residence address at 1601 Third Avenue, Unit No. 33A, New York, New York 10128-4021.

4.  On information and belief, Defendant Christine Pasieka is a natural person with a residence address at 1601 Third Avenue, Unit No. 33A, New York, New York 10128-4021.

## JURISDICTION AND VENUE

5.  Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332.  The parties are a corporation and natural persons of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 by virtue of the facts that the events giving rise to this Declaratory Judgment Complaint arose in this jurisdiction and, as alleged hereinafter, the Defendants have agreed to subject themselves to personal jurisdiction in this District.

7. As set forth in the Agreement, as amended and described more fully hereinafter, both Defendants have agreed service of process may be made upon them at the offices of their attorneys at 100 North Independence Mall, Suite 5A NW, Philadelphia, Pennsylvania 19106.[1]

BACKGROUND

8. On January 8, 2016, the Plaintiff as Seller and the Defendants as Purchaser entered into an Agreement for Sale of Real Estate ("Agreement") for the Plaintiff's properties at 1600-50 W. Girard Avenue, Philadelphia, Pennsylvania 19130 known in the Agreement as the "Girard Property" and a number of smaller parcels comprising the Plaintiff's former parking lot for the Girard Property known in the Agreement as the "Cambridge Properties."

9. A true and complete copy of the said Agreement is set forth as Exhibit A to this Complaint.

10. The Agreement provided for a purchase and sale price for both properties of $12,250,000.

11. The Agreement provided for a closing date of March 4, 2016.

12. The Agreement provided the Defendants a thirty (30) day due diligence inspection period which period was not exercised by the Defendants, has long since lapsed and the Agreement is binding and non-contingent upon the parties.

13. The Agreement required the Defendants to make Deposits of $250,000.00 to the escrow agent selected by the parties, Matz Land Transfer Services, Inc., a title insurance agency

---

[1] It is acknowledged that from the time of the original Agreement, the Defendants' attorneys have relocated their offices from 399 Market Street, Suite 200, Philadelphia, Pennsylvania 19106 to the address shown hereinabove.

with its business address at Suite 130, 940 West Valley Road, Wayne, Pennsylvania 19087 ("Escrow Agent").

14. The Defendants did make the required Deposits, and, on Plaintiff's information and belief, the Escrow Agent is in possession of the Deposits to be held under the escrow provisions of the Agreement set forth hereinafter.

15. On March 8, 2016, the Defendants failed to close the purchase and sale of the Girard Property and Cambridge Properties as required by the Agreement.

16. On March 14, 2016, the Plaintiff and the Defendants entered into an Addendum to the Agreement of Sale, under which the Plaintiff agreed to reduce the purchase and sale price from $12,250,000.00 to $11,100,000.00 and the parties agreed the closing date would be extended to April 8, 2016.

17. A true and complete copy of the said Addendum is set forth as Exhibit B to this Complaint.

18. On April 8, 2016, the Defendants again failed to close the purchase and sale of the Girard Property and Cambridge Property as required by the Agreement, as amended.

19. On April 8, 2016, the Defendants proposed the Plaintiff agree to a Second Addendum to the Agreement of Sale, extending the closing date for approximately one (1) week to April 14, 2016.

20. The Plaintiff did not execute the said Second Addendum.

21. A true and complete copy of the said Second Addendum is set forth as Exhibit C to this Complaint.

22. On April 14, 2016, the Plaintiff and the Defendants entered into a Third Addendum to Agreement of Sale under which: (a) the parties agreed the Cambridge Properties

would be sold by the Defendant to a third party[2], (b) the Defendants would increase the Deposit by $200,000.00, (c) the Defendants would transfer from another agreement, otherwise unrelated to this Complaint, an additional $50,000.00 Deposit, (d) the remaining purchase and sale price for the Girard Property would be $8,420,000.00, and (e) the closing date would be extended for approximately ninety (90) days to July 15, 2016.

23. A true and complete copy of the said Third Addendum is set forth as Exhibit D to this Complaint.

24. True and correct copies of the three (3) receipts in NPHS's possession from the Escrow Agent relative to Deposits of $450,000.00 are set forth as Exhibit E to this Complaint.[3]

25. NPHS has been ready, willing and able to close the sale of the Girard Properties since March 8, 2016.

26. NPHS has delivered to the attorneys for the Defendants the form of the Deed which NPHS is ready to tender to the Defendants, and on information and belief the form of that Deed is acceptable to the Defendants and the Defendants' title insurance company.

27. NPHS has closed on a timely basis and in accordance with the terms of sale two (2) other parcels to the Defendants or legal entities created by the Defendants in June 2015.

28. NPHS has closed on a timely basis and in accordance with the terms of sale the Cambridge Properties as directed by the Defendants in April 2016.

29. NPHS has demanded performed in accordance with all its obligations under the Agreement as amended.

---

[2] Which sale was in fact closed on April 14, 2016.

[3] Plaintiff is not in possession of a receipt for the final $50,000.00 comprising the $500,000.00 total Deposit, but the amount of that total Deposit is confirmed by the Purchaser in the Third Addendum.

30. Notwithstanding the more than six (6) months from the original date, January 8, 2016, of the Agreement and two (2) extensions of time at the specific request of the Defendants extending more than four (4) months, the Defendants have failed, without excuse under the Agreement, to close the transaction and pay over to NPHS the agreement purchase price of $8,420,000.00 for the Girard Property.

DECLARATORY JUDGMENT FOR BREACH OF CONTRACT
AND
PRAYER FOR RELIEF IN THE FORM OF AN
<u>ORDER TO RELEASE DEPOSIT FROM ESCROW AGENT TO NPHS</u>

31. The Defendants have defaulted on their obligation to close the purchase and sale of the Girard Property for $8,420,000.00 on the, twice extended and contracted closing date of July 15, 2016.

32. The Defendants have refused to close despite demand and willingness of Plaintiff to tender the Deed.

33. As a result of the Defendants' default and as liquidated damages as provided under Paragraph 12.4 of the Agreement, NPHS is entitled to the release of the $500,000.00 deposit from the Escrow Agent.

WHEREFORE, Plaintiff North Philadelphia Health System respectfully requests this Court enter a judgment declaring that (a) the Defendants Christopher Rahn and Christine Pasieka are in default under the Agreement, as amended, (b) the Plaintiff is entitled to the $500,000.00 Deposit as liquidated damages, (c) the Escrow Agent, Matz Land Transfer Services, Inc. is to pay over the $500,000.00 Deposit held by the Escrow Agent to the Plaintiff North Philadelphia Health System and (d) the Escrow Agent is to be held harmless by the Plaintiff and Defendants for its release of the Deposit, as liquidated damages, to the Plaintiff North Philadelphia Health System.

Respectfully Submitted,

Dated: July 19, 2016

_____
John D. Kutzler, Esquire
Pa. S.Ct. I.D. # 78764
Suite 100, 1633 West Girard Avenue
Philadelphia, Pennsylvania 19130
1-800-975-3336/215-235-2771 (fax)
johndkutzler@aol.com

Attorneys for Plaintiff,
North Philadelphia Health System

complaintfordeclaratoryjudgment071916nphs.filing